IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL BRUCE COLLINS #136152, | ) ) ) |
| Plaintiff, | ) No. 3:23-cv-01012 ) |
| v. | ) Judge Trauger ) Magistrate Judge Frensley |
| SOUTHERN HEALTH PARTNERS, *et al.*, | ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM OPINION

Daniel Bruce Collins, a pre-trial detainee in the custody of the Dickson County Jail in Dickson, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Southern Health Partners, the Dickson County Sheriff's Department ("DCSD"), and Nurse Kim l/n/u. (Doc. No. 1). Plaintiff also filed a supplement to his complaint. (Doc. No. 4).

The complaint as supplemented is before the court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

1

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Facts Alleged by the Plaintiff

Plaintiff lacks access to "Law books 7 and 7a" as they are not available on the jail kiosk. (Doc. No. 1 at 7).

The medical staff at the Dickson County Jail will not clear Plaintiff to work due to "a history of seizures." (*Id.* at 12). However, Plaintiff alleges that he has never had a seizure and previously has worked in the kitchen and as a cart runner at the jail. (*Id.*) The medical staff refuse

to treat Plaintiff for seizures. Plaintiff questions why he is not being treated for seizures and why he is being housed on a top bunk if the medical staff believes he suffers from seizures. (*Id*.) He is worried that he will "get hurt" if his "so-called seizures" are untreated. (Doc. No. 1 at 13; Doc. No. 4 at 2).

IV. **Analysis**

As a preliminary matter, the plaintiff has sued the DCSD. "[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." *Mathes v. Metro. Gov't*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (Trauger, J.) (collecting cases); *accord Campbell v. Cheatham Cty. Sheriff's Dep't*, 511 F. Supp. 3d 809, 824-25 & n.12 (M.D. Tenn. 2021) (Crenshaw, C.J.) (dismissing § 1983 claim against sheriff's department as redundant of claim against county, and also noting that sheriff's departments "are not proper parties to a § 1983 suit"), *aff'd*, 47 F.4th 468 (6th Cir. 2022).[1]

Nor are sheriff's departments proper defendants for claims under Tennessee law. The Tennessee Code delineates sheriffs' responsibilities, Tenn. Code Ann. § 8-8-201, provides that sheriff's offices are to be funded by county governing bodies, *id.* § 8-20-120, and further provides that any person incurring an injury "resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against *the county* in which the sheriff serves," *id.* § 8-8-302(a) (emphasis added). The DSCO is listed on Dickson County's website as a division within the county. *See* https://www.dicksoncountytn.gov/ (last visited November 27, 2023). The plaintiff

---

[1] The appeal in *Campbell* addressed only whether the deputy whose motion for summary judgment was denied was entitled to qualified immunity. To this court's knowledge, the Sixth Circuit has never expressly held that sheriff's departments in Tennessee are not government entities capable of being sued, but it has suggested as much on several occasions, and it has confirmed that when a plaintiff erroneously sues "a non-juridical police department, the plaintiff often can easily fix this error by suing the city or county that operates the department." *Lopez v. Foerster*, No. 20-2258, 2022 WL 910575, at *6 (6th Cir. Mar. 29, 2022) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

has not pointed to any authority under Tennessee law that would make the DCSD a proper entity to be sued under state law. Therefore, the court concurs with the great weight of authority, finding that the DCSD is not a suable entity under § 1983 or state law. Therefore, all claims asserted against DCSD must be dismissed.

Next, the court considers Plaintiff's allegation that medical staff at the jail refuse to treat him for seizures. The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement, which includes appropriate medical care to inmates. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (citations omitted). The Due Process Clause of the Fourteenth Amendment incorporates these protections for pretrial detainees such as Plaintiff. *Winkler*, 893 F.3d 877, 890. An Eighth Amendment claim is composed of two parts: an objective prong, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective prong, which requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Farmer*, 511 U.S. 825, 834, 837. Deliberate indifference is "a high standard of culpability, 'equivalent to criminal recklessness.'" *Greene v. Crawford Cnty., Michigan*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Griffith v. Franklin Cnty., Kentucky*, 975 F.3d 554, 566 (6th Cir. 2020)).

Until recently, the Sixth Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Greene*, 22 F.4th 593 at 605 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 591 (6th Cir. 2021) (citation omitted). But in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Supreme Court held that the standard for excessive force claims brought by pretrial detainees under the Due Process Clause of the Fourteenth Amendment differs from the standard for excessive force claims brought by convicted prisoners under the Cruel and Unusual Punishments Clause of the Eighth Amendment.

*Id*. at 391-92. The Court held that, to prove the second prong of an excessive force claim, a pretrial detainee must show that "the officers were *subjectively* aware that their use of force was unreasonable, or only that the officers' use of that force was *objectively* unreasonable." *Id*. at 391-92 (italics in original).

*Kingsley* left open the question of "whether an objective standard applies in other Fourteenth Amendment pretrial detainment context[s]." *Brawner*, 14 F.4th at 592. Finding that it was "no longer tenable" after *Kingsley* to apply the same analysis to the "constitutionally different groups" of convicted prisoners and pretrial detainees, the Sixth Circuit in "*Brawner* modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness[.]" *Id*. at 592, 596. Thus, to prove a deliberate indifference to serious medical needs claim under the Fourteenth Amendment, "'[a] pretrial detainee must prove more than negligence but less than subjective intent—something akin to reckless disregard.'" *Brawner*, 14 F.4th at 597 (6th Cir. 2021) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). He or she must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. (citation and quotation marks omitted). This the plaintiff cannot do.

In the complaint, the plaintiff alleges that he has never suffered and does not currently suffer from seizures. Thus, he cannot establish that any defendant acted recklessly by failing to treat the plaintiff for seizures. Plaintiff therefore cannot prevail on a Section 1983 claim premised on the denial of medical care for seizures Plaintiff himself acknowledges that he does not have.

The complaint's primary focus is that Plaintiff is being denied a job at the Dickson County Jail due to medical restrictions imposed on him by jail personnel—restrictions Plaintiff believes should not exist. However, the complaint fails to state claims under Section 1983 upon which relief

5

can be granted with respect to these claims because there is no constitutional right to prison employment or a particular prison job. *See Smith v. Sapp,* Nos. 97-5642, 97-5921, 1998 WL 384620, at *1 (6th Cir. June 19, 1998) ("[F]orcing an inmate to live without such privileges as bingo, a television, or a job does not constitute the infliction of serious pain necessary to state an Eighth Amendment claim."). Indeed, the Sixth Circuit has held that placing medical restrictions on a prisoner which precluded particular job assignments did not violate the Eighth Amendment. *McKinley v. Bowlen*, 8 F. App'x 488, 492 (6th Cir. 2001). Although the Eighth Amendment does not apply to Plaintiff because he is a pretrial detainee, *see Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018), the court finds that these cases support a finding that Plaintiff is not constitutionally entitled to employment while detained at a county jail.

Finally, with respect to the plaintiff's allegations about lacking access to two law books, the complaint also fails to state Section 1983 claims upon which relief can be granted. The court construes these claims as alleging a denial of the plaintiff's right to access the courts. Prisoners retain a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977) (citing *Ex Parte Hull*, 312 U.S. 546 (1941)). That right "extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). To protect this right, prison authorities must "provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. To state a claim that the defendants interfered with his right to access the court, the plaintiff must "show that the defendants have scuttled his pursuit of a 'nonfrivolous, arguable' claim." *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). In addition, the Supreme Court has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the

official acts frustrating the litigation." *Christopher*, 536 U.S. at 415 (citing *Lewis v. Casey*, 518 U.S. 343, 353 & n.3 (1996)).

The plaintiff does not describe the underlying cause of action or allege any injury from being denied access to the books. "Moreover, the plaintiff's right to access the courts does not mean he has a right to particular law books." *Barnes v. Hardin Cnty. Jail*, No. 19-1145-JDT-cgc, 2019 WL 5596439, at *3 (W.D. Tenn. Oct. 30, 2019) (citing *Inmates, Washington Cnty. Jail v. England*, 516 F. Supp. 132, 143 (E.D. Tenn. 1980), *aff'd*, 659 F.2d 1081 (6th Cir. 1981) (unpublished table decision); *Bounds*, 430 U.S. at 821)). Although the plaintiff may have been inconvenienced by not being provided access to law books 7 and 7a, the complaint fails to sufficiently allege a denial of meaningful access to the courts.

### V. Conclusions

In screening the complaint pursuant to the PLRA, the court finds that the DCSD is not a suable entity under § 1983 or state law. And in any event, the complaint fails to state Section 1983 claims upon which relief can be granted against all defendants. This action, therefore, will be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge